IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| O BAR CATTLE CO., a Utah d/b/a of Jerry Goodwin,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>OWYHEE FEEDERS, INC., an Idaho corporation,<br><br>    Defendant/Counterclaimant. | Case No. CV 08-149-S-EJL-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

    This matter is before the Court pursuant to Plaintiff O Bar Cattle Co.'s Motion for Leave to File First Amended Answer to Owyhee Feeders, Inc.'s Counterclaims (Docket No. 106) and its Rule 56(f) Motion in Further Opposition to Owyhee Feeders, Inc.'s Motion for Summary Judgment (Docket No. 110).[1] For the reasons discussed below, the Court will deny O Bar's Rule 56(f) motion.

### I. BACKGROUND AND FACTS

    On July 1, 2009, Owyhee filed a motion for summary judgment (Docket No. 66) arguing that it is entitled to summary judgment on its counterclaim for $190,134.38, as a

---

    [1] This matter is suitable for disposition without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). The parties will hereafter be referred to as "O Bar" and "Owyhee."

**MEMORANDUM DECISION AND ORDER - 1**

result of O Bar's dishonored check, upon a theory that the parties had reached an accord and satisfaction. On July 28, 2009, O Bar submitted its response brief, statement of disputed facts, Affidavit of Mr. Jerry Goodwin, and Affidavit of Janna Lewis in opposition to Owyhee's motion. (Docket Nos. 78, 78, 80, 81.) The motion for summary judgment was fully briefed and ripe for judicial review on August 13, 2009, with the submission of Owyhee's reply brief. (Docket No. 98.) On September 8, 2009, O Bar filed its Rule 56(f) motion in further opposition to Owyhee's pending motion for summary judgment.[2]

In the midst of summary judgment briefing, the parties were engaged in particularly distasteful discovery disputes involving both a motion to compel and a motion for protective order, which the Court resolved on August 4, 2009, and August 13, 2009, respectively. (Order, Docket No. 84; Minute Entry, Docket No. 100.) The discovery deadline was extended until August 28, 2009, for the limited purpose of O Bar conducting depositions of Dr. Lionel Ickes, Dr. Stuart Lincoln, Tony Loucks, Nate Anderson, and if requested, Dr. David Bechtol. The Court ordered the parties to work together to schedule these depositions. The depositions of Dr. Ickes and Dr. Lincoln were conducted on September 2. (Response at 3, Docket No. 113.)

---

[2] O Bar actually filed a "Response to Motion" on September 2, 2009, (Docket No. 107), which also purported to be a Rule 56(f) Motion. O Bar refiled its response as a motion on September 8, 2009. (Docket No. 110.)

**MEMORANDUM DECISION AND ORDER - 2**

## II.  DISPOSITION

### A.  Rule 56(f) Motion

O Bar argues that its Rule 56(f) motion should be granted because the depositions of Dr. Lionel Ickes, Dr. Stuart Lincoln, Tony Loucks, and Nate Anderson are expected to lead to additional evidence in support of O Bar's opposition to Owyhee's summary judgment motion.  Specifically, O Bar contends that Mr. Anderson and Mr. Loucks have information "pertaining to the health of O Bar's cattle and the basis for the opinions of at least one of Owyhee's experts, Dr. Stuart Lincoln."  (Mem. at 3-4, Docket No. 110-1.)  O Bar also contends that Mr. Loucks was present the day the alleged accord and satisfaction was reached, and that he may have information that directly contradicts Owyhee's claim.  (Mem. at 7, Docket No. 110-1.)  O Bar explains that Mr. Loucks's testimony allegedly is critical to its defense of duress to O Bar's counterclaim.

Owyhee argues that discovery has been completed and any additional material to be gleaned from the remaining few depositions is immaterial and irrelevant to the pending summary judgment motion.  (Response at 7, Docket No. 113.)  Owyhee also argues that O Bar's motion is untimely.  (Response at 5, Docket No. 113.)  In its reply, O Bar rehashes the problems the parties have had in completing discovery.  It seeks additional time to conduct "sufficient discovery" and present "supplemental briefing" to the summary judgment motion.  (Reply at 3, Docket No. 116.)  O Bar's counsel submitted an additional declaration with over fifty pages of attachments detailing the letters exchanged between counsel concerning additional discovery issues—issues the Court believed were resolved in its Orders issued on August 4, 2009, and August 13, 2009.

**MEMORANDUM DECISION AND ORDER - 3**

However, it appears that O Bar is taking the position that it has not been prepared to depose Mr. Loucks and Mr. Anderson, because O Bar is still "awaiting Owyhee's production of its documents" that were previously requested (Mem. at 2, Docket No. 110-1)—documents that the Court expected to be produced pursuant to the Court's Scheduling Orders, and extensions thereof, on or before August 14, 2009.  (Order, Docket No. 77.)  However, no motion to compel was filed concerning the documents O Bar contends Owyhee has not produced.[3]

Rule 56(f) allows a party who, for legitimate reasons, cannot by affidavit or other means present facts essential to justify opposition to an opposing party's motion under Rule 56(e) to seek by motion an extension of the time for responding to the motion.  The rule requires "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists."  *Sultana Resources, LLC v. Trio Gold Co.*, No. CV-06-625-BLW, 2007 WL 2993849, at *1 (D. Idaho Oct. 11, 2007) (quoting *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004)).  The party submitting the Rule 56(f) motion bears the burden of showing sufficient facts establishing that the evidence sought exists and that the evidence would prevent summary judgment.  *Sultana*, 2007 WL 2993849 at *1.  "Mere hope that further evidence will develop prior to trial is insufficient."  *Id.*

---

[3] Based upon O Bar's representation, the Court assumes that more than one of the depositions it ordered to occur on or before August 28, 2009, have yet to be scheduled or completed.

**MEMORANDUM DECISION AND ORDER - 4**

It is generally accepted in the Ninth Circuit that, where a summary judgment motion is filed early in the litigation and a party has not had a realistic opportunity to pursue discovery relating to its theory of the case, the court should freely grant a Rule 56(f) motion. *Mangum v. Action Collection Serv., Inc.*, No. CV-05-507-BLW, 2006 WL 2224067, at *1 (D. Idaho Aug. 2, 2006). *See also Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine*, 323 F.3d 767, 774 (9th Cir. 2003) (where no discovery has taken place "the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid.") Nevertheless, a district court does not abuse its discretion by denying a Rule 56(f) motion where the proposed discovery would be futile. *Mangum*, 2006 WL 2224067 at *1.

In light of the history between the parties, and against the background of contentious discovery, O Bar's latest motion appears to the Court to be a last ditch effort to engage the Court in the parties' discovery disputes. The Court declines to be so engaged, as it previously issued a ruling regarding these matters, and finds O Bar's motion untimely made after the close of discovery.

The Court ordered the depositions of Mr. Loucks and Mr. Anderson to be completed on or before August 28, 2009. The Court also ordered all other discovery to be completed on or before August 14, 2009. During the August 13, 2009 telephonic hearing concerning the depositions that had not yet been taken, the Court inquired of all counsel whether there was anything else counsel wished to raise. O Bar's counsel said, "No." (Tr. at 26, Docket No. 108.) At no time was the Court made aware that O Bar needed

**MEMORANDUM DECISION AND ORDER - 5**

additional documents before O Bar could conduct the requested depositions of Mr. Loucks and Mr. Anderson.[4]  The Court also offered to facilitate any further resolution of ongoing discovery matters (Tr. at 31, Docket No. 108), but has not been asked to do so.

The Court does not view O Bar's Rule 56(f) motion, filed eleven days after the Court issued its ruling regarding extension of discovery deadlines, an appropriate vehicle to engage in additional discovery disputes, especially considering the Court's offer to facilitate resolution of further discovery issues.  This is indeed not a case where the parties have not had a realistic opportunity to pursue discovery, nor was the Rule 56(f) motion raised early in the litigation.  The discovery deadline has passed

Moreover, O Bar's Rule 56(f) motion is untimely pursuant to Dist. Idaho Loc. Civ. R. 7.1.  Rule 7.1 sets forth the applicable time periods for submitting briefs in support of and in opposition to a motion for summary judgment.  Fed. R. Civ. P. 56(f) specifies that a Rule 56(f) motion may be made by affidavit showing that the opposing party "cannot present facts essential to justify its opposition."  O Bar did not file such an affidavit on July 28, 2009, the date it submitted its responsive brief and affidavits in opposition to Owyhee's motion for summary judgment.[5]  A Rule 56(f) motion "cannot be filed after the deadline set for filing of the opponent's response brief and affidavits."  *Monarch*

---

[4] Owyhee, however, did alert the Court that, after it received additional discovery responses from O Bar, it might ask to retake Mr. Goodwin's deposition.  (Tr. at 27, Docket No. 108).  The Court suggested that if an issue arose out of the additional document production by O Bar, it would entertain a request by the parties to facilitate a resolution.  (Tr. at 30-31, Docket No. 108.)

[5] In its response brief, O Bar adequately presented, by affidavit, facts pertinent to its defense of duress, the same facts O Bar contends Mr. Loucks must be deposed for such that it can adequately defend the motion for summary judgment.  (*See* Aff. of Goodwin ¶¶ 17-18 Docket No. 80.)  The Court therefore finds O Bar's contention that it now cannot respond to Owyhee's motion because it requires Mr. Loucks's testimony to be disingenuous, and finds the proposed discovery would not add to O Bar's response.

**MEMORANDUM DECISION AND ORDER - 6**

*Greenback, LLC v. Monticello Ins. Co.*, 118 F.Supp.2d 1068, 1081 (D. Idaho 1999) (citing *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990)). O Bar filed its Rule 56(f) motion twenty-six days after Owyhee filed its reply brief in support of its motion for summary judgment. As in *Monarch*, the Court finds that, by filing its motion on September 8, 2009, O Bar's Rule 56(f) motion is untimely and, pursuant to its discretion, will deny the motion.[6]

**B.     O Bar's Motion to File Amended Answer to Counterclaim.**

O Bar submitted its Answer to Owyhee's Counterclaim on May 21, 2008. (Docket No. 10.) The defense of duress was not formally raised until O Bar submitted the Affidavit of Mr. Goodwin on July 28, 2009, and argued the defense of duress in opposition to Owyhee's motion for summary judgment. (*See supra*, note 4; *See* Response at 14, Docket No. 78.) In Owyhee's reply brief filed on August 13, 2009, in support of its motion for summary judgment, Owyhee argues that O Bar waived its right to assert the affirmative defense of duress. (Reply at 2, Docket No. 98.) Although the issue was briefed in response to the motion for summary judgment, O Bar filed its motion to amend "out of an abundance of caution" under Fed. R. Civ. P. 15(a), seeking to formally amend its pleadings to assert the legal theory of duress. (Mem. at 3, Docket No. 106-2.)

The Court declines at this time to rule upon O Bar's Motion to Amend. The issue of whether the defense of duress was waived is raised and briefed in response to Owyhee's motion for summary judgment, which currently is pending before District

---

[6] The Court's conclusion would not change even if it considered O Bar's motion to have been filed on September 2, 2009, the date it filed its Rule 56(f) motion as a "response" instead of a motion. (*See* Docket Nos. 107, 110.)

**MEMORANDUM DECISION AND ORDER - 7**

Judge Edward J. Lodge. The Court concludes that the issue of whether O Bar may amend its answer to the counterclaim and assert the defense of duress is properly considered in the context of Owyhee's motion for summary judgment.  An order regarding O Bar's motion to amend will, therefore, be forthcoming as part of the Court's ruling on Owyhee's motion for summary judgment.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** Plaintiff/Counterdefendant's Rule 56(f) Motion (Docket No. 110) is **DENIED**.



DATED: October 26, 2009

Honorable Candy W. Dale
Chief United States Magistrate Judge