## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| O BAR CATTLE CO., a Utah d/b/a of Jerry Goodwin, | Case No. CV08-149-S-EJL-CWD |
| Plaintiff, | **MEMORANDUM ORDER** |
| v. | |
| OWYHEE FEEDERS, INC., an Idaho corporation, | |
| Defendant. | |
| | |
| AND RELATED COUNTERCLAIMS | |

Pending before the Court in the above-entitled matter are motions in limine filed by the parties in this matter.[1]  In an effort to give the parties direction on the evidentiary issues that have been raised in the motions, the Court will set forth its views on those matters.   The Court's ruling is preliminary and may be subject to revision upon consideration of a particular evidentiary issue presented within the context of the trial. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest

---

[1]  Defendant has also filed a motion to strike a declaration filed in support of Plaintiff's reply. (Docket No. 152).  Defendant argues the declaration was not timely filed and because it violates Rule 408.  This Court has not considered the disputed declaration in rendering its opinion on these motions and will, therefore, deem the motion to strike moot.

of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2)(ii).

**Standard of Law**

Trial judges are afforded "wide discretion" in determining whether evidence is relevant.  *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004) (citing *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983)).  Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling," *United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989) (citation omitted) "a district court has discretion in ruling on a motion in limine." *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991) (citing *Komisaruk*, *supra*).

**Discussion**

I.   Expert Witnesses

    A.   Defendant's Motion in Limine

Defendant filed a motion to exclude Plaintiff's rebuttal expert Dr. David Bechtel, DVM.  (Docket No. 128).  This Court referred this matter to Chief Magistrate Judge Candy W. Dale because it related directly to her prior order regarding discovery and expert witnesses.  (Docket Nos. 100, 108).  On June 8, 2010, the Magistrate Judge issued her ruling denying the motion in limine, in part, as to the request to exclude Dr. Bechtel from testifying on the grounds that O Bar failed to make him available for a deposition. (Docket No. 156).

Defendant raised two additional arguments in its motion for excluding Dr. Bechtel's testimony that were not ruled upon by the Magistrate Judge. The first asserts procedural error in that O Bar failed to include all of the materials required by Rule 26(a)(2) in Dr. Bechtel's report. The second argument cites substantive error in the opinion arguing Dr. Bechtel's report and opinions contained therein fail to satisfy the requirements of Rules 702 and 703. This Court has considered these issues raised in the Defendant's motion in limine and finds as follows.

As to the first issue, the Court has reviewed the materials submitted by the parties. Rule 26(a)(2) governs the disclosure of expert testimony. Defendant argues Dr. Bechtel's expert report failed to contain all of the information required by Rule 26(a)(2)(B)(v) in that it did not include the materials upon which he relied in compiling his report and any information regarding cases in which he has testified in the last four years.

Dr. Bechtel's report was served upon the defense on August 11, 2009. On April 22, 2010, Plaintiff's counsel sent a letter to the defense providing requested documents. (Docket No. 128, Ex. C). Defendant maintains this late disclosure violates the requirements of Rule 26 and has unfairly prejudiced its ability to prepare for trial with respect to Dr. Bechtel's testimony. As such, the Defendant argues the Court should exclude Dr. Bechtel as an expert pursuant to Rule 37.

The disclosure and discovery of expert testimony is governed by Federal Civil Rule of Procedure 26 and Local Civil Rule 26.2(b). These rules may be excused or modified by the Court where good cause is shown. There is no question the parties in this

matter have been embattled in a particularly distasteful discovery battle since the inception of this case with both sides being at fault for the various discovery difficulties. The question now before this Court is whether to exclude Plaintiff's rebuttal expert pursuant to Rule 37.  Federal Rule of Civil Procedure 37(c)(1) states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion, any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

A district court is afforded "particularly wide latitude" in exercising its discretion to issue sanctions under Rule 37(c)(1).  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001) (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)).  This particular subsection, implemented in the 1993 amendments to the Rules, is a recognized broadening of the sanctioning power.  *Id.* (citing *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998) ("[T]he new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule....")).   The Advisory Committee Notes describe it as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material...."  Fed.R.Civ.P. 37 advisory committee's note (1993).   Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded.  *Id.* (citing *Ortiz- Lopez*, 248 F.3d at 35 (although the exclusion of an expert would prevent plaintiff from making out a case and was "a harsh sanction to be sure," it was "nevertheless within the wide latitude of" Rule

37(c)(1)).   Two express exceptions ameliorate the harshness of Rule 37(c)(1):   The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless.  *Id.*; Fed. R. Civ. P. 37(c)(1).

Dr. Bechtel is a rebuttal expert who presumably will not be called by the Plaintiff, if at all, until late in the trial.   Given the disclosures were made in late April and the defense has now had nearly two months to digest them, the Court will deny the Defendant's motion to exclude Dr. Bechtel.   If, during trial, the Defendant can point to particular prejudice they will suffer as a result of Plaintiff's late disclosures of Dr. Bechtel's supporting materials, the Court may reconsider this ruling at that time.

Regarding the Plaintiff's delinquent disclosure of prior testimony, Plaintiff notes that Dr. Bechtel has not testified as an expert witness in the last four years and, therefore, there was no error in their not disclosing the same.   It appears from the materials provided that the Plaintiff was not diligent in determining the extent of Dr. Bechtel's testimony in the preceding four years nor in disclosing the lack of any such testimony until only recently.   (Docket Nos. 133, pp. 3-4 and 149, pp. 2-3).   In fact, Plaintiff was not even aware until May 25, 2010 that there were no instances of prior testimony.   This record reeks of bad faith on the part of the Plaintiff.   Regardless, the fact remains that there was no prior testimony to be revealed and, therefore, the Defendant has not been prejudiced by this omission by the Plaintiff.

As to the second issue raised by the Defendant challenging the reliability of Dr. Bechtel's opinions, the Court finds it is necessary to take up this issue if and when the

testimony is offered at trial.  Expert testimony is admissible pursuant to the Federal Rules

of Evidence, primarily Rule 702.  *Domingo ex rel. Domingo v. T.K., M.D.*, 276 F.3d 1083

(9th Cir. 2002) (citation omitted).  The standard for testing expert testimony is set forth in

*Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  Under *Daubert*, the

district court acts as a "gatekeeper," excluding "junk science" that does not meet the

standards of reliability required under Rule 702.  *Id.* (citing *General Elec. Co. v. Joiner*,

522 U.S. 136, 142 (1997).  The trial court accomplishes this goal through a preliminary

determination that the proffered evidence is both relevant and reliable.  *Daubert*, 509 U.S.

at 589-95.

　　　While evidentiary hearings might help the district court to conduct an adequate

*Daubert* analysis, courts are not required to hold such hearings prior to trial in order to

discharge their *Daubert* gatekeeping function.  *See United States v. Alatorre*, 222 F.3d

1098, 1100-02 (9th Cir. 2000) ("The trial court must have the same kind of latitude in

deciding how to test an expert's reliability, and to decide whether and when special

briefing or other proceedings are needed to investigate reliability, as it enjoys when it

decides whether or not that expert's relevant testimony is reliable....") (quoting *Kumho

Tire Co. v. Carmichael*, 526 U.S. 137 (1999)).  What is required is that the Court allow

counsel "to explore the relevance and reliability of the proposed testimony" prior to its

admission.  Id.  In this case, the Court finds it can best consider the parties arguments

regarding the Plaintiff's rebuttal expert in the context of the trial if and when his

testimony is offered.  Accordingly, the Court reserves its ruling on these matters until the testimony and evidence are offered at trial.

If the testimony of Dr. Bechtel is offered at the trial and the Court is asked to making this determination, the Court will employ the following standard.   The admissibility of the expert's testimony is admissible so long as it is "based on scientific techniques and advanced a material aspect of the government's case."  *See Daubert*, 509 U.S. at 589; *United States v. Sherwood*, 98 F.3d 402, 408 (9th Cir. 1996).  To the extent a party questions the validity of an expert's testimony or opinion, this is a question of weight and credibility that properly went to the jury.  *See Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230-31 (9th Cir. 1998) (noting that faults in an expert's use of a specific methodology go to the weight, not admissibility of the testimony).   Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*Daubert* requires the district court to determine whether the expert's testimony reflects "scientific knowledge derived by the scientific method" and whether his or her work product amounts to "good science."  *Sherwood*, 98 F.3d at 407 (citing *Daubert*, 43 F.3d at 1315).  The district court must then determine whether "the proposed expert testimony is 'relevant to the task at hand,'" meaning that it logically advances a material aspect of the

proponent's case.  *Id.*  The following factors may be relevant to the above inquiry:    1) whether the theory or technique the expert employs is generally accepted in the scientific community; 2) whether it has been subjected to peer review and publication; 3) whether it can be and has been tested; and 4) whether the known or potential rate of error is acceptable.  *Id.* (citing *Daubert*, 509 U.S. at 591-93).  These factors are non-exhaustive and recognize that not every factor will be applicable in every case.  *Id.*

      B.     <u>Plaintiff's Motion in Limine</u>

Plaintiff has also filed a motion in limine that seeks, in part, to preclude the testimony of Robert Lincoln, Ralph Lincoln, and Charlie Gibson.  (Docket No. 129). Plaintiff labels these individuals as "putative experts" who were included in the Defendant's expert witness disclosure but have not provided expert reports as required by Rule 26(a)(2)(B) or otherwise complied with the expert witness disclosure requirements of Rule 26.  (Docket No. 130, Ex. A).  Defendant opposes the motion arguing they have complied with the disclosure requirements  and these witnesses have been deposed by opposing counsel.  Further, Defendant argues these witnesses' testimony is relevant to the issues and claims presented to the jury and not cumulative.

The Defendant's prior attorneys included these three witnesses in their expert witness disclosure.  (Docket No. 130, Ex. A). In order for any one to testify as an expert at trial the requirements for disclosure under Rule 26 are necessary to avoid prejudice to the opposing party.  In addition, such experts must satisfy the requirements of Rule 702 and *Daubert* as detailed above in this order.  These necessities have not been met as to

these three witnesses in this case and, therefore, these witnesses will not be allowed to testify as experts in this trial.

However, these three individuals are the owners and operators of Owyhee Feeders. As such, they are relevant lay witnesses who can testify in this matter as provided for in the rules.  The Defendant's witness disclosures indicate they will testify regarding 1) the feeding, medicating, and care of O Bar's cattle as being in conformity with the "state of the art as practiced by other cattle feeders in the area;" 2) the cause of the illness and/or deaths of O Bar's cattle; 3) the autopsy performed by defense expert Dr. Ickes and his resulting diagnosis; and 4) whether other custom feeders in the area would bear the risk of loss or death under similar circumstances to this case.

Federal Rule of Evidence 701 governs opinion testimony by lay witnesses and requires the testimony to be:

1)      rationally based on the perception of the witness,
2)      helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and
3)      not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Under Rule 701, the Court finds that, as the owners and operators of Owyhee Feeders, Robert Lincoln, Ralph Lincoln, and Charlie Gibson can testify as to their knowledge, experience, and expertise of their feed lot operation as well as losses and/or projected losses to their business.  *See* Fed. R. Evid. 701, adv. committee note (2000) ("For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness

as an accountant, appraiser, or similar expert.").  Such testimony, however, must still satisfy all of the requirements of the Rules of Evidence and, in particular, Rule 701 in that the testimony must be:  1) rationally based on the perception of the witness, 2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and 3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.  *See* Fed. R. Evid. 701.  "Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business."  Fed. R. Evid. 701, adv. committee note (2000).  Thus, these witnesses' testimony must be based on each of their own personal knowledge and the bounds of such testimony is limited to those matters within their own knowledge.  As such, these witnesses cannot testify about any of the experts' reports as they are not within their personal knowledge.

II.    <u>Bovine Laboratory Reports</u>

Plaintiff's motion in limine also seeks to preclude the admission of certain lab reports undertaken by the University of Idaho.  The subject tests were ordered by the Defendant's expert witness, a veterinarian licensed by the State of Idaho, Dr. Lionel Ickes.[2]  The lab tests, Plaintiff argues, are inadmissible hearsay if offered by Dr. Ickes under Rules 801(c) and 802 because he did not perform the tests and, therefore, cannot

---

[2]  The defense states these laboratory reports show the cause of death of the O Bar cattle was mycoplasma which the Defendant will argue indicates the O Bar cattle had a pre-existing disease.  (Docket No. 132, p. 8).  The defense further claims these reports were timely disclosed and the Plaintiff's own experts have utilized these reports.

attest to their foundation or authenticity.  (Docket No. 130, p. 6).  Defendant maintains the reports fall within the business records exception to the hearsay rule under Rule 803(6) and the public records exception under Rule 803(8).  (Docket No. 132, pp. 7-9). The Defendant indicates its intention to have Dr. Ickes as well as Dr. Stuart Lincoln testify about these laboratory reports at trial.  Plaintiff maintains in order to be admissible the defense must call a witness who can lay a proper foundation and authenticate the reports.

Because the admissibility of such evidence is dependent upon whether they are offered and how they are offered at trial, the Court will reserve its ruling.  It appears these reports are relevant to the claims and issues raised in this matter.  Fed. R. Civ. P. 401, 402.  Whether these reports satisfy either of the exceptions to the hearsay rule and whether the offering party lays a proper foundation and can authenticate the reports can not be determined at this time.  Therefore, the motion in limine is denied as to these reports.  The Court will rule upon their admissibility if and when they are offered at trial. The offering party of these reports will have to satisfy the applicable rules of evidence before such reports are admitted at trial.  That being said, both parties are advised  that wherever possible the Court encourages them to attempt to reach stipulations regarding evidence prior to trial in order to conserve judicial resources and obviate needless bickering during the trial.  This benefits both the Court and counsel as it enables the parties to clearly present their cases and arguments to the jury without unnecessary infighting, which serves only to muddle a trial.  These laboratory reports are precisely the

kind of evidence that, if possible, should be stipulated to by the parties at least in terms of their foundation and authenticity.  It does not appear from either sides' briefing that there is a reason not to stipulate to the foundation and authenticity of the reports themselves.  If the parties are unable to so stipulate, the Court will allow the Defendant to call a witness from the University of Idaho Laboratory to testify as to the authenticity and lay a foundation for these reports regardless of whether such witness has been previously disclosed.

III.    Fact/Lay Witnesses

Plaintiff has filed a motion in limine to exclude certain witnesses designated by the Defendant because, they argue, their testimony is irrelevant, cumulative, or improper expert testimony.  Plaintiff cites to Rules 401 and 402.  Defendant counters that these witnesses are "fact witnesses" who will testify about the cattle business and the business habits of Jerry Goodwin, the owner of O Bar.  Such evidence, Defendant argues, is both relevant and admissible as either prior bad acts, Rule 404(b), and/or habit evidence, Rule 406.

A.    Similar Cattle Purchases

Plaintiff objects to the testimony by several listed witnesses regarding their knowledge concerning the health and death loss of calves purchased at the same times and locations as O Bar.  (Docket No. 130, p. 8).  Such testimony, Plaintiff argues, is highly irrelevant to how the cattle purchased by O Bar fared at Owyhee Feeders and would require testimony regarding how the non-O Bar cattle were cared for by other

feeders.  As such, Plaintiff asserts the testimony of Jeff Van Lith, Robert Rebholts, Scott Lindsay, and John Hepton is irrelevant, speculative, and cumulative.

The Court finds the testimony of these witnesses as to calves purchased at the same time and locations as O Bar is inadmissible evidence.  Such testimony does not relate to the O Bar cattle at issue in this case nor does it take into account the care O Bar's cattle received while at Owyhee Feeders.  As such, the Court finds this testimony is not relevant to the claims raised here.  Fed. R. Civ. P. 401, 402.  Moreover, the testimony is speculative and would require a vast amount of additional evidence regarding facts not at issue in this case concerning the non-O Bar cattle in order for the jury to accurately compare the resulting conditions of those cattle to O Bar's cattle.  Such an exercise would be confusing, cause undue delay, and be a waste of time and judicial resources.  Fed. R. Civ. P. 403.  As such, the Court will grant the motion in limine as to this evidence and testimony.

B.   Experience Witnesses

Plaintiff challenges that certain of Defendant's witnesses, John Hepton and Larry Hawkins, cannot testify as experts because they were not properly disclosed.  John Hepton has knowledge as a nutritionist but, Plaintiff argues, he was not disclosed as a witness and, therefore, cannot testify as an expert.  Larry Hawkins is purported to have knowledge concerning the effectiveness of the drug "Draxxin" and consulted with Robert Lincoln concerning the O Bar calves.  Plaintiff argues such testimony is inadmissible as expert testimony because Mr. Hawkins was never disclosed or designated as an expert nor

was an expert report disclosed.  (Docket No. 130, p. 10).  Defendant argues these are fact witnesses "involved in the cattle business with knowledge of high risk calves" whose testimony is relevant pursuant to Rule 401 and 402.  (Docket No. 132, p. 9).

Rules 401 and 402 define and govern whether evidence is relevant.  Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."  Fed. R. Civ. P. 402.

To the extent these witnesses were not disclosed as experts as required by Rule 26, the Court will not allow them to testify as experts at trial.  The Court will determine at trial whether or not their testimony regarding the cattle business and knowledge of high risk calves is admissible evidence.  Upon the facts currently in the record and briefing, it does not appear to the Court at this time that the testimony of these witnesses is relevant to the claims here.  These witnesses do not have personal knowledge of the condition of O Bar's cattle and/or of the care O Bar's cattle received while at Owyhee Feeders. Without such particularized personal knowledge, any testimony by these witnesses regarding the cattle and care of those cattle at issue in this case would not be rationally based on their own perception as required by Rule 701.  However, the Court will reserve

its ruling on the admissibility of these witnesses' testimony if and when they are called to the stand at trial.

  C. <u>Owyhee County Sheriff's Office Investigation</u>

   Defendant has indicated its intention to call the Owyhee County Sheriff Bill Detweiler to testify in this matter regarding Mr. Goodwin's failure to return on a date certain to pay Owyhee Feeders as promised.  Plaintiff seeks to exclude the testimony of Sheriff Detweiler as highly prejudicial and suggestive that Plaintiff committed some kind of criminal act even though Plaintiff was never charged.  (Docket No. 130, p. 9). Defendant argues such testimony is admissible to attack Mr. Goodwin's credibility under Rule 608(a)(1) as opinion or reputation evidence of Mr. Goodwin's character for untruthfulness.  (Docket No. 132, p. 12).

   Federal Rule of Evidence 608 governs evidence of the character and conduct of witnesses and states:

> (a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
>
> (b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for

> truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Fed. R. Evid. 608.  This rule goes to the admissibility of testimony directed at a witness's "character for truthfulness or untruthfulness," not particular instances of conduct.  Fed. R. Evid. 608(a).  Specific instances of conduct of a witness for the purpose of attacking or supporting the witness's character for truthfulness is allowed, in the Court's discretion, only upon cross-examination of the witness.  Fed. R. Evid. 608(b); *see also United States v. Nazarenus*, 983 F.2d 1480, 1486 (8th Cir. 1993) (holding that testimony concerning a specific act of defendant was not admissible under rule 608(a) because it was "not in the form of opinion or reputation as required by the rule"); 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence ¶ 608[04], at 608-25, 608-27 (noting that rule 608(a) allows a witness to state his or her "opinion of the principal witness's character for truthfulness," but does not allow the witness to testify to specific acts of misconduct).

Here, Sheriff Detweiler's testimony regarding Mr. Goodwin's alleged promise to meet does not amount to a reputation on the part of Mr. Goodwin for untruthfulness. "The telling of a lie not only cannot be equated to the possession of a reputation for untruthfulness, but does not by itself establish a character for untruthfulness, as the rule explicitly requires whether the form of the impeaching evidence is evidence of reputation or opinion evidence." *Wilson v. City of Chicago*, 6 F.3d 1233, 1239 (7th Cir. 1993). Further, it does not appear that Sheriff Detweiler has a sufficient basis of knowledge in which to testify as to Mr. Goodwin's reputation.  Mr. Goodwin does not reside in the same community nor does it appear that Sheriff Detweiler has had any other personal

encounters with Mr. Goodwin.  The single encounter involving Mr. Goodwin's failure to meet as he promised does not demonstrate a basis upon which Sheriff Detweiler can testify about his opinion of Mr. Goodwin's reputation for truthfulness or untruthfulness. As such, the Court will grant the motion in limine to the extent Sheriff Detweiler's testimony is offered in this manner under Rule 608(a).  If the Defendant can demonstrate the evidence is admissible under a different rule of evidence, the Court will make its ruling upon the evidence when it is offered at trial.

        D.     <u>Testimony Regarding Other Commercial Transactions of the Parties</u>

Plaintiff objects to the testimony by witnesses regarding commercial transactions not involved in this case as irrelevant and cumulative.  In particular, witnesses Harry Betties, Nolan Branch, Dwight Bingham, Kurt and Todd Harris, and Tim Munns.  These witnesses' experiences with Owyhee Feeders and/or Plaintiff are, Plaintiff asserts, irrelevant to this case.  Defendant counters these witnesses will testify about Jerry Goodwin's practice of using the legal system to avoid "contractual and clear obligations." (Docket No. 132, p. 11).  Defendant contends Mr. Goodwin, as is his practice, "raced to the court house" because he knew the Owyhee Sheriff's Office was investigating him, he had violated the law, breached the contract, lied to the Sheriff and Owyhee Feeders, and that Owyhee Feeders had a lawful lien.  (Docket No. 132, p. 11).  Such testimony is relevant, Defendant argues, because Mr. Goodwin did the same thing in this case.  As such, the Defendant argues the evidence of Mr. Goodwin's business practice with other

feeders or individuals is relevant as to Mr. Goodwin's habit or custom and not unduly prejudicial.

As to evidence regarding Mr. Goodwin's alleged business practice and habit of aggressively pursuing litigation to avoid liability, the Court finds at this time that such evidence does not appear to be admissible.  What Mr. Goodwin has allegedly done in situations beyond the facts of this case seems to be irrelevant and prejudicial as his conduct in other circumstances does not appear, at this time, to have any tendency to make the existence of any fact more or less probable.  Nor does it seem, at this stage, that Defendant can show such evidence is habit evidence as contemplated by Rule 406.[3]

Rule 406 provides: "Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice."

---

[3] "Conduct that is admissible under this rule generally satisfies the following three elements: (1) 'it should be of such a nature that it is unlikely that the individual instance can be recalled or the person who performed it can be located,' (2) it 'must be specific conduct that is engaged in frequently by the group,' and (3) 'the number of instances of such behavior must be large enough that doubt about a single instance does not destroy the inference that the practice existed.'" *Martin v. Thrifty Rent A Car*, 145 F.3d 1332 (6th Cir. 1998) (unpublished) (quoting 23 Charles Alan Wright & Kenneth W. Graham, Federal Practice and Procedure § 5274, at 45-48 (1980)). In practice, to establish that a particular conduct qualifies as a routine practice, the proponent must show that the organization had a uniform response over an adequate number of instances. *Id.* (citing *Mobile Exploration & Producing U.S., Inc. v. Cajun Constr. Servs., Inc.*, 45 F.3d 96, 100 (5th Cir. 1995); *United States v. West*, 22 F.3d 586, 592 (5th Cir. 1994); *Simplex. Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988)). This foundation ensures the reliability of the evidence by demonstrating that the conduct in question was " 'semi-automatic' in nature."  *Id.* (citing *Simplex. Inc.*, 847 F.2d at 1293 (citing Fed. R. Evid. 406 (Notes of Advisory Committee)).

> It has been repeatedly stated that habit or pattern of conduct is never to be lightly established, and evidence of examples, for purpose of establishing such habit, is to be carefully scrutinized before admission. The reason for such an attitude toward evidence of habit is the obvious danger of abuse in such evidence resulting from "the confusion of issues, collateral inquiry, prejudice and the like," or, as one court has phrased it, "the collateral nature of (such) proof, the danger that it may afford a basis for improper inferences, the likelihood that it may cause confusion or operate to unfairly prejudice the party against whom it is directed." It is only when the examples offered to establish such pattern of conduct or habit are "numerous enough to base an inference of systematic conduct" and to establish "one's regular response to a repeated specific situation" or, to use the language of a leading text, where they are "sufficiently regular or the circumstances sufficiently similar to outweigh the danger, if any of prejudice and confusion," that they are admissible to establish pattern or habit. In determining whether the examples are "numerous enough" and "sufficiently regular," the key criteria are "adequacy of sampling and uniformity of response," or, as an article cited with approval in the Note to Rule 406, Federal Rules of Evidence, puts it, on the "adequacy of sampling" and the "ratio of reactions to situations." These criteria and this method of balancing naturally follow from the definition of habit itself as stated in the Model Code of Evidence : "Habit means a course of behavior of a person regularly repeated in like circumstances."

*Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 511 (4th Cir. 1977).  Here, it is unclear at this stage whether the testimony of these witnesses will evidence such repeated, systematic conduct by Mr. Goodwin's prior actions to amount to evidence of habit.  Even if these evidentiary hurdles are met, it seems the testimony  would be unduly prejudice the Plaintiff, confuse the jury, and waste judicial resources.  At this time, however, the Court will reserve its ruling on the evidence unless and until it is offered at trial and the defense has an opportunity, if it so chooses, to show the admissibility of this evidence. The Court will then have the benefit of determining the admissibility of this evidence when viewing it in the context in which it is being presented.  As such, the Court will

deny the motion in limine as to this evidence.  With these admonishments, the defense is cautioned to not discuss such evidence in its arguments or opening statements until the Court has ruled upon the admissibility of such evidence when and if the evidence is offered.

      E.    <u>Plaintiff's Checking Account</u>

Plaintiff objects to testimony by any one from Zions Nation Bank regarding the Plaintiff's checking account as irrelevant to the issues of this case.  (Docket No. 130, p. 10).  The Defendant does not address the Plaintiff's argument on this evidence.  There is not enough currently before the Court upon which it can determine the admissibility of this evidence.  Accordingly, the Court will make its ruling on this evidence at trial if and when such evidence is offered.

IV.    <u>Objections to Exhibit and Witness Lists</u>

The parties have each filed objections to each others exhibit and/or witness lists. (Docket Nos. 153, 154).  The Court has reviewed these materials and directs the parties to attempt, wherever possible, to arrive at stipulations so as to allow both sides to present clear cases and arguments to the jury.  In the event the parties are unable to reach stipulations, the parties may make their objections to evidence and witnesses when they are offered at trial.  The Court will rule upon these objections at that time.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court HEREBY ORDERS as follows:

1.   Plaintiff's Motion in Limine (Docket No. 129) is **GRANTED IN PART AND DENIED IN PART**.

2.   Defendant's Motion in Limine (Docket No. 128) is **DENIED**.

3.   Defendant's Motion to Strike (Docket No. 152) is **MOOT**.

DATED:  **June 10, 2010**

Honorable Edward J. Lodge
U. S. District Judge